[No. 3366.   June 30, 1930.]

SULLIVAN v. MICHELLI (BANK OF DAWSON, Garnishee).

[289 Pac. 803.]

George E. Remley, of Raton, for appellant.

Crampton & Darden, of Raton, for appellee Michelli.

ON MOTION FOR REHEARING

OPINION OF THE COURT

WATSON, J.

This is an appeal from an order discharging a writ of garnishment.

Appellant sues for injuries to his person and property from an automobile collision; an action in tort.   In his

sworn application for garnishment he states that the defendant is justly indebted to him in the sum laid as damages in the complaint; that he has reason to believe and does believe that the garnishee is indebted to the defendant, and that "within his knowledge said defendant has no property in his possession within the State of New Mexico subject to execution sufficient to satisfy said debt."

The question is whether this is a good garnishment affidavit. We recently filed an opinion holding that it is not. On motion for rehearing appellant renews most of his original contentions. These we again overrule. He suggests, however, that certain expressions of the opinion are likely to lead to future confusion. Heeding that warning, we withdraw the original opinion and substitute this.

The "cases" in which garnishment writs may be issued are prescribed by statute. 1929 Comp. § 59—101. Unless appellant has such a case, his writ was properly discharged.

He cannot qualify under subsection 1, because he has not a "case where an original attachment may be issued as provided by the attachment laws of the state of New Mexico." 1929 Comp. §§ 105—1601 et seq. While his principal cause of action in tort will support attachment (1929 Comp. § 105—1602), he has stated none of the grounds for the issuance of that writ. He has no "case" for an original attachment unless he has ground for attachment.

He cannot qualify under subsection 2 of the garnishment statute, section 59—101, because it is plain to our minds that that provision does not apply when the principal action is in tort. He clearly does not qualify under subsection 3, since he has no judgment.

The judgment will be affirmed, and the cause remanded. It is so ordered.

PARKER and CATRON, JJ., concur.

BICKLEY, C. J., and SIMMS, J., did not participate.